[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11404
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00038-RS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT L. HUGHES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 11, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.


PER CURIAM:

Robert Hughes appeals the procedural and substantive reasonableness of his

97-month sentence imposed for receiving child pornography, 18 U.S.C. §

2252A(a)(2)(B). No reversible error has been shown; we affirm.

We evaluate the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). Procedural error may exist if the district court improperly calculated the guidelines, based a sentence on clearly erroneous facts, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to explain adequately the sentence. Id. A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. Id. Briefly stated, under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Hughes's sentence -- at the bottom of the applicable guidelines range -- is reasonable both procedurally and substantively. See Talley,

2

431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence is well below the 20-year statutory maximum. See 18 U.S.C. § 2252A(b)(1); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that a sentence was reasonable because, among other things, it was well below the statutory maximum). The sentence also is within the range of sentences for child pornography offenses that we recently have upheld. See United States v. Alfaro-Moncada, 607 F.3d 720, 736 (11th Cir. 2010) (upholding an 87-month sentence, at the bottom of defendant's applicable guidelines range, for possession of child pornography and emphasizing that "[t]he court's decision to sentence [defendant] to a term of imprisonment at the lowest end of his advisory guidelines range was lenient enough").

In addition, the district court listened to the arguments of the parties and considered the section 3553(a) factors in concluding that a guidelines sentence was appropriate. The court noted the interest in deterring the consumption of child pornography and agreed with the government's argument about the harm caused by child pornography. The district court also considered that Hughes was receiving counseling for his pornography addiction. The court did not, as Hughes suggests, rely too heavily on the deterrence factor.

And contrary to Hughes's appellate argument, the district court did not presume improperly that the guidelines range was reasonable. Instead, the court recognized that the guidelines were advisory, considered Hughes's request for a downward variance, and concluded that a sentence at the low end of the advisory guidelines range best complied with the section 3553 sentencing purposes.

Hughes argues, based on Kimbrough v. United States, 128 S.Ct. 558 (2007), that the guideline under which he was sentenced -- U.S.S.G. § 2G2.2 -- is not based on empirical data or national experience and, thus, should have been given no deference by the district court. But we have explained that the child pornography guidelines "do not exhibit the deficiencies the Supreme Court identified in Kimbrough." United States v. Pugh, 515 F.3d 1179, 1201-02 n.15 (11th Cir. 2008) (acknowledging that Kimbrough gave district courts authority to deviate from the guidelines in crack cocaine cases because the sentencing ranges did not take into account empirical data and national experience, but also recognizing that we typically treat "child sex offenses as serious crimes, upholding severe sentences in these cases").

And even still, a lack of supporting empirical evidence does not in and of itself render a guideline provision invalid. United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010). Instead, a lack of empirical evidence is one factor the

district court can consider in deciding whether to vary downward from the guidelines range. See Kimbrough, 128 S.Ct. at 573-76 (explaining that the district court may, but is not required to, deviate from the advisory guidelines in a particular crack cocaine case because the guidelines range for these offenses did not take into account empirical data); Snipes, 611 F.3d at 870. Thus, even if empirical evidence did not support section 2G2.2, the district court still retained the discretion to sentence Hughes within the guidelines range after considering that range as one of many factors informing its imposition of Hughes's sentence. See id. And the court explicitly noted that it had discretion to impose a non-guidelines sentence after acknowledging Hughes's Kimbrough argument, but that it was choosing not to do so.

Given the district court's reasoned consideration of the section 3553(a) factors and the discretion the court is afforded in evaluating and weighing those factors, the court abused no discretion in imposing a guidelines sentence.

AFFIRMED.